**In re JESSICA S. et al.**

**No. 94–92–M.P.**

Supreme Court of Rhode Island.

June 14, 1994.

Ellen R. Balasco, Court Appointed Sp. Advocate, Anthony E. Angeli, Jr., Dept. of Children, Youth and Families, for plaintiff.

Garald P. Tipton, Providence, for defendant.

## OPINION

**PER CURIAM.**

This case came before the court for oral argument May 9, 1994, pursuant to an order that had granted a writ of certiorari to review an order of a justice of the Family Court awarding foster-board payment to the natural father of Jessica S. (Jessica) and Rantsford S., III (Rantsford). The order further directed the parties to appear in order to show cause why the issues raised in this petition should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The Department of Children, Youth, and Families (DCYF) argues that the relevant statutes do not authorize payment for foster care rendered by the biological father of a child. G.L.1956 (1993 Reenactment) §§ 42–72.1–4 and 42–72.1–5. We are of the opinion that these licensing provisions are not determinative of the instant case.

Although Rantsford Stadelbauer, Jr. (Stadelbauer) was the biological father of the children in question, his parental rights had been terminated by a Texas court for failure to pay child support in July 1982. The children, Jessica and Rantsford were sent to Stadelbauer by their mother when she indicated that she was unable to control Jessica

and unable to care for Rantsford. Initially DCYF placed the children with Stadelbauer and authorized the payment of foster-care support to him. At the time DCYF and all parties to the litigation agreed to the payment of support.

We are of the opinion that the Family Court could order payment of support under exigent circumstances in the event of need. Our review of the record indicates that no exigent circumstances existed that would warrant the payment of support to Stadelbauer, the biological father, even though he may not have had any obligation to support these children in light of the termination of his parental rights.

The record in this case indicates that need was not established and that, therefore, the payment of state funds to the biological father was not justified. We believe that the consent of DCYF would preclude any request from it for refund of the amount already paid prior to this court's issuance of a stay.

In regard to payments accruing subsequent to the stay, we believe that DCYF could properly raise the issue under the petition for certiorari. We are informed that Jessica no longer resides with the biological father and that proceedings for adoption have been instituted in respect to Rantsford. In these circumstances we believe that further payments to the respondent, Stadelbauer, are not justified.

For the reasons stated, the petition for certiorari is hereby granted. The decision of the Family Court authorizing payments insofar as it might apply to payments subsequent to our granting an order of a stay is hereby quashed. The papers in the case are remanded to the Family Court with our decision endorsed thereon.